**MEMO ENDORSED**

**Proskauer**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

*[See endorsement, pg 3]*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/26/2014

August 25, 2014

<u>Via Facsimile (212) 805-7943</u>

The Honorable Edgardo Ramos
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Bettina B. Plevan
Member of the Firm
d 212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

Re: *United States and the State of New York ex rel. Kane v. Continuum Health Partners, Inc.*
Civil Action No.: No. 11 Civ. 2325 (ER)

Dear Judge Ramos:

We represent Defendants Continuum Health Partners, Inc. ("Continuum"), Beth Israel Medical Center ("Beth Israel"), and St. Luke's Roosevelt Hospital Center ("St. Luke's") (collectively "Defendants"), and write pursuant to the Court's individual rules to request a pre-motion conference concerning Defendants' proposed motion to dismiss the complaints in intervention filed by the United States (the "U.S. Complaint") and the State of New York (the "NY Complaint") (collectively "Complaints"). As outlined below, the Complaints are not supported by plausible allegations that are sufficiently particularized to satisfy the stringent requirements of Federal Rule of Civil Procedure 9(b) and fail to allege facts to establish the elements of the claims.

### I. Background

The U.S. Complaint alleges that the Defendants violated 31 U.S.C. § 3729(a)(1)(G), a provision of the federal False Claims Act (the "FCA"), that provides that it is a violation of the FCA to (1) "knowingly make[], use[], or cause[] to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government," or (2) "knowingly conceal[] or knowingly and improperly avoid[] or decrease[] an obligation to pay or transmit money or property to the Government." The NY Complaint is nearly identical to the U.S. Complaint. The only material difference is that the NY Complaint alleges that the Defendants violated State Fin. Law § 189(1)(h), the analogue in the New York State False Claims Act ("NYFCA") to 31 U.S.C. § 3729(a)(1)(G).

The only specific fact alleged in the Complaints to support the contention that Defendants violated the FCA and NYFCA by wrongfully failing to make unspecified repayments quickly enough is an email communication from Relator Robert Kane ("Kane") to a group of his colleagues dated February 4, 2011 (Exhibit B to the Complaints). However, as the Complaints acknowledge, Kane's email did not specifically identify any overpayments. Instead, it identified the universe of claims that were potentially affected by a bill coding error caused by a third party. It did not indicate whether those claims were billed to or paid by the Government.

# Proskauer

The Honorable Edgardo Ramos
August 25, 2014
Page 2

Approximately half of the claims on Kane's email list were in fact not billed or paid. (*See* Exhibit A to the Complaints). Kane's email also made it very clear that his list was only preliminary and, in short, did not identify any overpayments. (*See* Exhibit B to the Complaints).

## II. The Complaints Should Be Dismissed For Failure to State a Claim for Relief and/or Plead Fraud with Particularity

Because only an "established duty" can be an "obligation", *see* 31 U.S.C. § 3729(b)(3) and State Fin. Law § 188(4), Kane's email did not create an "obligation" which is a prerequisite for liability under both the first and second clauses of 31 U.S.C. § 3729(a)(1)(G) and State Fin. Law § 189(1)(h). Although the Complaints make conclusory allegations about the creation of an "obligation" pursuant to a provision enacted under the Affordable Care Act, *see* U.S. Complaint ¶¶ 27-8 and NY Complaint ¶¶ 30-1, the statute only provides that an "identified" overpayment that is not reported and returned within 60 days of its "identification" is an "obligation". An overpayment cannot be "identified" until a health care provider has actual knowledge of its existence. Because Kane's email merely provided notice of a *potential* overpayment, it did not "identify" any overpayments, and thus did not create an "obligation".

Even if the Kane email was sufficient to create an "obligation", the Complaints fail to state a claim based on the making or use of a false record or statement material to an "obligation" under the first clause of § 3729(a)(1)(G) and State Fin. Law § 189(1)(h) because they fail to identify any alleged false record or statement, let alone who made the statement, when they made it, and what made it false. Such vague allegations do not satisfy the requirements of Rule 9(b).

The Complaints also fail to plausibly allege that Defendants knowingly concealed an obligation or knowingly and improperly avoided or decreased an obligation as required to state a claim under the second clause of 31 U.S.C. § 3729(a)(1)(G) and State Fin. Law § 189(1)(h). Concealing, avoiding, or decreasing an obligation all require affirmative conduct. The Complaints allege only that after receiving Kane's preliminary report, the Defendants "failed to take the necessary steps to timely identify the claims affected by the software issue or to timely reimburse DOH for those affected claims that resulted in overbilling to Medicaid." (U.S. Complaint ¶ 39; NY Complaint ¶ 42.) There is no allegation that Defendants took any action to conceal, avoid or decrease an obligation. The Complaints thus fail to state a claim based on the alleged concealing, avoiding, or decreasing of an obligation. Moreover, even if a failure to act was sufficient to establish liability, the preliminary nature of Kane's email list and his conclusion that a further report was required precludes any conclusion that the failure to act based on Kane's email list was knowing or improper.

The U.S. Complaint should also be dismissed because any "obligation" that arose was owed to New York's Medicaid program, not to the United States. Because only "obligations" to the United States are actionable under 31 U.S.C. § 3729(a)(1)(G), there is no actionable claim asserted in the U.S. Complaint.

# Proskauer

The Honorable Edgardo Ramos
August 25, 2014
Page 3

Finally, the NY Complaint fails to state a claim under the second clause of State Fin. Law § 189(1)(h), which makes it a violation of the NYFCA to knowingly conceal or knowingly and improperly avoid or decrease an obligation. This provision was added to the NYFCA in 2013, and cannot be applied retroactively. *See* 2013 N.Y. Laws 56 Part A § 8. Moreover, retroactive application of the amendment of § 189(1)(h) would violate the Ex Post Facto clause of the United States Constitution.

### III. Conclusion

In light of the foregoing, Defendants request permission to file their motions to dismiss the U.S. Complaint and the NY Complaint on or before September 10, 2014. The Defendants propose that the United States' and the State's opposition be filed on or before October 10, 2014, and that Defendants' reply be filed by October 24, 2014.

Respectfully submitted,

*/s/ Bettina B. Plevan*

Bettina B. Plevan

cc: All Counsel (via e-mail)

---

A pre-motion conference will be held on September 5, 2014 at 3:30 p.m. Plaintiffs are directed to submit a written response not longer than 3 pages by close of business on September 3, 2014.

The application is ✓ granted.
                   __ denied.

Edgardo Ramos, U.S.D.J.
Dated: 8/26/14
New York, New York 10007