UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. KANE,<br>By and on Behalf of the United States of America,<br>Relator<br><br>State of New York, *ex rel.*<br>Robert P. Kane, Relator,<br><br>State of New Jersey, *ex rel.*<br>Robert P. Kane, Relator,<br><br>vs.<br><br>HEALTHFIRST, INC., *et al.*,<br><br>Defendants. | Civil Action No. 11 Civ. 2325 (ER)<br><br>**ANSWER TO AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT AND STATE FALSE CLAIMS ACTS** |

Defendants Continuum Health Partners, Inc. ("Continuum"), Beth Israel Medical Center d/b/a Mount Sinai Beth Israel ("Beth Israel"), St. Luke's-Roosevelt Hospital Center d/b/a Mount Sinai St. Luke's and Mount Sinai Roosevelt ("St. Luke's-Roosevelt" and together with Continuum and Beth Israel, "Defendants"), through their attorneys, Proskauer Rose LLP, for their Answer to Relator Robert Kane's ("Relator" or "Kane") Amended Complaint For Violations of the Federal False Claims Act and State False Claims Acts (the "Amended Complaint"), state as follows:

1. Deny the allegations contained in Paragraph 1 of the Amended Complaint, except admit that Relator purports to seek the relief referred to therein, and deny that Relator is entitled to any relief whatsoever.

2. Deny the allegations contained in Paragraph 2 of the Amended Complaint, except admit that Defendants provide health care services to Medicare and Medicaid beneficiaries and

deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding "Defendant Payors."

3. Deny the allegations contained in Paragraph 3 of the Amended Complaint, except admit that Kane was directed to investigate the "claims" and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding "Defendant Payors."

4. Deny the allegations contained in Paragraph 4 of the Amended Complaint.

5. Deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. Deny the allegations contained in Paragraph 6 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Relator's citizenship status.

7. Deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Deny the allegations contained in Paragraph 8 of the Amended Complaint.

9. Deny the allegations contained in Paragraph 9 of the Amended Complaint except admit that Kane received a performance review dated March 30, 2009 which speaks for itself.

10. Deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Amended Complaint.

16. Deny the allegations contained in Paragraph 16 of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding "New York Providers" other than Defendants.

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint.

18. Deny the allegations contained in Paragraph 18 of the Amended Complaint except admit that Continuum is a corporation with its principal place of business located at 555 West 57th Street, New York, New York 10019 and that Beth Israel and St. Luke's-Roosevelt see patients in the New York metropolitan area.

19. Deny the allegations contained in Paragraph 19 of the Amended Complaint except admit that Relator invokes this Court's jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1345, 31 U.S.C. §3730(b) and 31 U.S.C. §3732(a).

20. Deny the allegations contained in Paragraph 20 of the Amended Complaint except admit that Relator invokes this Court's jurisdiction under 31 U.S.C. §3732(a) and 31 U.S.C. §3729.

21. Deny the allegations contained in Paragraph 21 of the Amended Complaint except admit that venue is proper.

22. Deny the allegations contained in Paragraph 22 of the Amended Complaint except admit that Title XVIII of the Social Security Act, 42 U.S.C. § 1395, et seq., establishes the Health Insurance for the Aged and Disabled Program, collectively known as the Medicare

program, which is administered through the United States Department of Health and Human Services through its Centers for Medicare and Medicaid Services.

23. Deny the allegations contained in Paragraph 23 of the Amended Complaint except admit that Medicaid is a federally assisted grant program that assists States to provide medical assistance and related services to needy individuals in accordance with broad federal rules.

24. Deny the allegations contained in Paragraph 24 of the Amended Complaint except admit that the United States provided funds to the States pursuant to Title XIX of the Social Security Act, 42 U.S.C. §1396 et seq. and pursuant to which the States paid enrolled providers of medical services to Medicaid recipients.

25. Deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Deny the allegations contained in Paragraph 26 of the Amended Complaint except admit that The Patient Protection and Affordable Care Act Section 6402, Enhanced Medicare and Medicaid Program Integrity Provisions, amended certain provisions of Part A of Title XI of the Social Security Act (42 U.S.C. § 1301 et seq.).

27. Deny the allegations contained in Paragraph 27 of the Amended Complaint except admit that the statement contained in Paragraph 27 accurately reflects the words contained in Section 6402(d) of the Patient Protection and Affordable Care Act.

28. Deny the allegations contained in Paragraph 28 of the Amended Complaint except admit that the statement contained in Paragraph 28 accurately reflects the words contained in 31 U.S.C. §3729(a)(l)(G).

29. Deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Deny the allegations contained in Paragraph 30 of the Amended Complaint except admit that Beth Israel Medical Center and St. Luke's-Roosevelt Hospital Center utilized the

Siemens/American Healthware Eagle Product to electronically bill the Government Entities for Medicaid claims.

  31. Deny the allegations contained in Paragraph 31 of the Amended Complaint.

  32. Deny the allegations contained in Paragraph 32 of the Amended Complaint.

  33. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Amended Complaint.

  34. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Amended Complaint.

  35. Deny the allegations contained in Paragraph 35 of the Amended Complaint.

  36. Admit the allegations contained in Paragraph 36 of the Amended Complaint.

  37. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Amended Complaint, except admit that an overbilling occurred.

  38. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Amended Complaint, except admit that an overpayment occurred.

  39. Deny the allegations contained in Paragraph 39 of the Amended Complaint.

  40. Deny the allegations contained in Paragraph 40 of the Amended Complaint.

  41. Deny the allegations contained in Paragraph 41 of the Amended Complaint.

  42. Deny the allegations contained in Paragraph 42 of the Amended Complaint, except admit that on or about December 3, 2010, Healthfirst "fixed" its coding error.

  43. Deny the allegations contained in Paragraph 43 of the Amended Complaint, except admit that the Healthfirst "fix" only addressed coding errors prospectively.

44. Deny the allegations contained in Paragraph 44 of the Amended Complaint, except admit that on or about December 13, 2010 Siemens sent a Patient Accounting Release which speaks for itself.

45. Deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Deny the allegations contained in Paragraph 46 of the Amended Complaint.

47. Deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. Deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. Deny the allegations contained in Paragraph 55 of the Amended Complaint.

56. Deny the allegations contained in Paragraph 56 of the Amended Complaint.

57. Deny the allegations contained in Paragraph 57 of the Amended Complaint and refer to the contents of Relator's email to Toni Jones ("Jones") dated January 14, 2011 for the contents thereof.

58. Deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. Deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Deny the allegations contained in Paragraph 61 of the Amended Complaint.

62. Deny the allegations contained in Paragraph 62 of the Amended Complaint and refer to the contents of Relator's email to Jones, Kathy Dakis, Allise Williams, Howard Lindenauer and Cristobal Barriuso for the contents thereof.

63. Deny the allegations contained in Paragraph 63 of the Amended Complaint, except admit that Relator was informed on February 8, 2011 that his employment was being terminated.

64. Deny the allegations contained in Paragraph 64 of the Amended Complaint.

## COUNT ONE
### (Kane, ex rel. United States of America v. Defendants)
### (Violation of 31 U.S.C. §3729(a))

65. Repeat each of the answers to Paragraphs 1 through 64 as if fully set forth herein.

66. Deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Deny the allegations contained in Paragraph 68 of the Amended Complaint.

69. Deny the allegations contained in Paragraph 69 of the Amended Complaint and aver that Relator is not entitled to any relief whatsoever.

## COUNT TWO
### (Kane, ex rel. State of New York v. Defendants)
### (Violation of the New York State Finance Law § 187, *et seq.*)

70. Repeat each of the answers to Paragraphs 1 through 69 as if fully set forth herein.

71. Deny the allegations contained in Paragraph 71 of the Amended Complaint, except admit that that Relator purports to seek the relief referred to therein.

72. Deny the allegations contained in Paragraph 72 of the Amended Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Amended Complaint.

74. Deny the allegations contained in Paragraph 74 of the Amended Complaint.

75. Deny the allegations contained in Paragraph 75 of the Amended Complaint.

76. Deny the allegations contained in Paragraph 76 of the Amended Complaint.

77. Deny the allegations contained in Paragraph 77 of the Amended Complaint, except admit that that Relator has filed a claim under the statute cited therein.

78. Paragraph 78 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint and aver that Relator is not entitled to any relief whatsoever.

## COUNT THREE
### (Kane, ex rel. State of New Jersey v. Defendants)
### (Violation of N.J.S.A. 2A:32C-1, et seq.)

79. Repeat each of the answers to Paragraphs 1 through 78 as if fully set forth herein.

80. Deny the allegations contained in Paragraph 80 of the Amended Complaint, except admit that that Relator purports to seek the relief referred to therein.

81. Deny the allegations contained in Paragraph 81 of the Amended Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Amended Complaint.

83. Deny the allegations contained in Paragraph 83 of the Amended Complaint.

84. Deny the allegations contained in Paragraph 84 of the Amended Complaint.

85. Deny the allegations contained in Paragraph 85 of the Amended Complaint.

86. Deny the allegations contained in Paragraph 86 of the Amended Complaint, except admit that that Relator has filed a claim under the statute cited therein.

87. Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint and aver that Relator is not entitled to any relief whatsoever.

## COUNT FOUR
### (Kane v. Defendant Continuum)
### (Violation of 31 U.S.C. §3730(h))

88.　Repeat each of the answers to Paragraphs 1 through 87 as if fully set forth herein.

89.　Paragraph 89 contains a legal conclusion to which no response is required.

90.　Deny the allegations contained in Paragraph 90 of the Amended Complaint.

91.　Deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.　Deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.　Deny the allegations contained in Paragraph 93 of the Amended Complaint.

94.　Deny the allegations contained in Paragraph 94 of the Amended Complaint and aver that Relator is not entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Relator's claims are barred, in whole or in part, because he did not engage in activity protected by the statutes upon which he relies or otherwise.

### Third Affirmative Defense

Relator's claims are barred, in whole or in part, because the claims alleged in the Amended Complaint were proximately caused by, occurred, and/or were contributed to by Relator's own acts or failures to act.

### Fourth Affirmative Defense

Relator is barred, in whole or in part, from recovering the relief sought because Relator failed to take all reasonable, necessary, and appropriate actions to mitigate any purported damages allegedly resulting from the matters set forth in the Amended Complaint.

### Fifth Affirmative Defense

To the extent that Relator seeks special, exemplary or punitive damages, any such relief would violate statutory limitations on damages, and or Defendants' right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution.

### Sixth Affirmative Defense

Relator is not entitled to recover any exemplary or punitive damages because Defendants did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act.

### Seventh Affirmative Defense

The employment actions described in the Amended Complaint were based on legitimate, non-retaliatory, and non-pretextual reasons. Relator's employment would have been terminated even if he had not engaged in the alleged protected activity.

### Eighth Affirmative Defense

Relator's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

### Ninth Affirmative Defense

Plaintiff's claims, in whole or in part, are barred by the exclusivity provisions of the applicable workers' compensation laws.

Dated: New York, New York
August 27, 2014

                                                PROSKAUER ROSE LLP

                              By:  /s/ Bettina B. Plevan
                                    Bettina B. Plevan
                                    Roger A. Cohen
                                    Harris M. Mufson
                                    Eleven Times Square
                                    New York, NY 10036-8299
                                    (212) 969-3000

                                    *Counsel for Defendants*