

State of New York
## OFFICE OF THE ATTORNEY GENERAL
## MEDICAID FRAUD CONTROL UNIT
Civil Enforcement Division
120 Broadway, 12th Floor, New York, NY 10271-0007
(212) 417-5250   Fax:  (212) 417-4284

ERIC T. SCHNEIDERMAN
Attorney General
————

AMY HELD                                                                          PAUL J. MAHONEY
Acting Director                                                      Assistant Deputy Attorney General

September 3, 2014

**BY ECF AND FAX (212) 805-7943**

The Honorable Edgardo Ramos
United States District Judge
U. S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:      *United States and the State of New York ex rel. Kane v. Continuum*
>           *Health Partners, Inc.*, Civil Action No. 11-2325 (ER)

Dear Judge Ramos:

This Office represents the State of New York (the "State"), Plaintiff-Intervenor in the above-referenced *qui tam* action.  The State writes in response to Defendants' request for a briefing schedule to file a motion to dismiss the State's complaint ("Complaint").

In this case, any briefing on a motion to dismiss would be a waste of judicial resources.  The Complaint adequately alleges that Defendants had an obligation to repay improper Medicaid claims, and were in fact aware, or recklessly disregarded the fact, that the claims were improper. Furthermore, the Complaint provides sufficient notice to Defendants of the alleged fraud under Fed. R. Civ. P. 9(b), and the State's retroactive application of N.Y. State Fin. Law § 189(1)(h) is appropriate and supported by the courts.  Nonetheless, if Defendants proceed with filing this motion, the State respectfully requests that discovery proceed immediately, so as not to further delay ultimate resolution of this case.

## I.      The Complaint States a Claim for Relief Under N.Y. State Fin. Law § 189(1)(h)

It is undisputed that Defendants improperly received over $1 million by over-billing the Medicaid program.  The Complaint amply alleges a violation of the New York False Claims Act ("NYFCA") arising from the failure to return these overpayments.  *See* Complaint ¶ 31; N.Y. State Fin. Law § 189(1)(h).  Specifically, though Defendants argue otherwise, Defendants had an obligation to return these identified payments to the State.  According to the statute, an "obligation" arises when an established duty forms out of "an express or implied contractual, grantor-grantee, or

The Honorable Edgardo Ramos
September 3, 2014
Page 2

licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment." N.Y. State Fin. Law § 188(4). Here, Defendants have an obligation to repay that arises from express contractual duty, one established by statute, and from the retention of the overpayment itself. *See, e.g.*, Complaint ¶¶ 4-5, 24-26.

Contrary to Defendants' assertions, the NYFCA does not require affirmative action or proof of actual knowledge for liability. Though actual knowledge was indeed alleged in the Complaint, allegations of "deliberate ignorance" and "reckless disregard" of the truth or falsity of the information are enough to satisfy the burden of "knowingly and improperly avoid[ing] … an identified obligation to pay" the State. *See* Complaint ¶¶ 28-29; N.Y. State Fin. Law § 188(3); *United States ex rel. Winslow v. PepsiCo, Inc.*, 05 CIV. 9274, 2007 WL 1584197, at *7-8 (S.D.N.Y. May 31, 2007). The Complaint sets forth numerous facts demonstrating that Defendants knew, or at the very least recklessly disregarded the knowledge, that the claims identified by the internal audit represented false claims requiring repayment. *See, e.g.*, Complaint ¶¶ 6-8, 34-38. Furthermore, no proof of specific intent to defraud is required under the NYFCA and "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally" pursuant to Fed. R. Civ. P. 9(b). *See* N.Y. State Fin. Law § 188(4). Therefore, the State need not particularize Defendants' specific knowledge of the fraud.

## II.   The Complaint Pled Fraud with Particularity and Satisfies Rule 9(b)

The State's obligation in a false claims act complaint is to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1476-77 (2d Cir. 1995). The Complaint fully satisfies this requirement. In particular, the Complaint describes that Continuum, which handled billing for the Defendant hospitals, was first notified by the State Comptroller of New York ("Comptroller") in September 2010 that Medicaid had been wrongly billed for a small number of claims. *See* Complaint ¶¶ 6, 36. Continuum's software vendor then identified the problem as a software code error and sent a corrective patch in early December 2010, with an explanatory memorandum on December 13, 2010. *See* Complaint ¶ 36. Once Continuum was on notice of possible overpayments, Continuum commenced an internal investigation, which concluded in February 2011 and uncovered an additional 900 potentially-problematic Medicaid claims totaling over $1 million. *See* Complaint ¶¶ 7, 37. Defendants repaid claims from the audit, but often only after notice from the Comptroller. *See* Complaint ¶¶ 8, 38. Two years later, in March 2013, approximately 33% of the identified claims were repaid only after the United States issued its June 2012 Civil Investigative Demand. *Id.*

Also alleged with particularity are: (i) the named entities who benefitted from the false claims (Complaint ¶ 35); (ii) a list of the erroneous claims submitted, and their subsequent histories (Complaint ¶ 35, Ex. A); (iii) the names of some of the actors involved in the internal audit (Complaint ¶ 38); (iv) the name of the specific computer coding error (Complaint ¶ 38, Ex. B); and (v) a list of the erroneous claims identified by Continuum in February 2011 (Complaint ¶ 38, Ex. B). In this case, given the few simple facts at issue, the State has more than satisfied its Rule 9(b) burden.

## III.   The NYFCA is Retroactive and Does Not Violate *Ex Post Facto* Prohibitions

The NYFCA's legislation squarely forecloses Defendants' argument that the NYFCA is not retroactive. Clear and unambiguous language provides that the NYFCA "shall apply to claims filed

The Honorable Edgardo Ramos
September 3, 2014
Page 3

or presented before, on or after April 1, 2007." Ch. 379, § 13, 2010 McKinney's N.Y. Laws at 1165. Section 39 of Part C of the Governor's 2007 health and mental hygiene budget bill ("2007 Budget Bill"), enacted on April 7, 2007, designated article 13 of the Finance Law the New York False Claims Act.  *See* State Fin. Law §§ 187-194.  The 2007 Budget Bill expressly provides that the NYFCA "shall apply to claims filed or presented before, on or after April 1, 2007."  2007 N.Y. Sess. Laws (McKinney's) Ch. 58, S. 2108-c, §93(5) (April 9, 2007).

When the NYFCA was amended in 2010, and again in 2013, the legislature reaffirmed its intent that the Act be retroactive by re-enacting the language that made the NYFCA applicable prior to, on or after April 1, 2007.  *See* 2010 Sess. Law News of N.Y. Ch. 379 (A. 11568) (McKinney's); 2013 Sess. Law News of N.Y. Ch. 56 (S. 2606-D) (McKinney's).  The intent of the legislature to apply the NYFCA retroactively has been upheld by New York federal courts.  *See United States ex rel. Assoc. Against Outlier Fraud v. Huron Consulting Gr., Inc.*, No. 09 Civ. 1800 (JSR), 2010 WL 3467054, at *3 (S.D.N.Y. Aug. 25, 2010).

Lastly, Defendants argue that retroactive application of the NYFCA violates the Ex Post Facto Clause of the United States Constitution.  However, the only two federal courts of appeals that have decided this issue have held that retroactive application of false claims act cases is not an unconstitutional punishment in violation of the Ex Post Facto Clause.  *See United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 878-79 (D.C. Cir. 2010), *cert. denied* 131 S. Ct. 2443 (2011); *United States ex rel. Sanders v. Allison Engine, Co., Inc.*, 703 F.3d 930, 948 (6th Cir. Nov. 2, 2012), *rev'g* 667 F. Supp.2d 747 (S.D. Ohio 2009), *cert. denied* 133 S. Ct. 2885 (2013); *see also United States v. Rogan*, 517 F.3d 449, 453-454 (7th Cir. 2008) ("We know from [*Hudson*] that penalties under the False Claims Act are not criminal punishment for the purpose of the Double Jeopardy Clause . . .").  Moreover, the only New York State court to decide this issue with regard to the NYFCA held that the Act is constitutional.  *People of the State of New York v. Sprint Nextel*, 970 N.Y.S.2d 164, 176 (Sup. Ct. NY Co. June 27, 2013) (ruling that "State Finance Law § 189(1)(g), like its federal counterpart, is not sufficiently punitive in nature and effect as to warrant preclusive application of the *Ex Post Facto* Clause").  Given these cases in support of the State, there is no legal basis for Defendants to prevail on this issue.

We thank the Court for its consideration in this matter.

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York


_____/s/_____
Alee N. Scott
Special Assistant Attorneys General
Medicaid Fraud Control Unit
120 Broadway, 13th Floor
New York, New York 10271
Phone:  (212) 417-5322
Email:  alee.scott@ag.ny.gov

The Honorable Edgardo Ramos
September 3, 2014
Page 4


cc:     All counsel (via ECF)